# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1850V
UNPUBLISHED

| | |
|---|---|
| RONNY ECHEVERRI,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: August 12, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Theodore J. Hong, Maglio, Christopher & Toale PA, Seattle, WA,* for Petitioner.

*Christine Mary Becer, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING DAMAGES[1]

On December 3, 2018, Ronny Echeverri filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain Barre Syndrome (GBS) resulting from the adverse effects of an influenza (flu) vaccination he received on December 30, 2015. Petition at 1-2. Petitioner further alleges that his vaccine-related injuries have lasted more than six months, and that neither he, nor any other party, has ever brought an action or received compensation in the form of an award or settlement for his vaccine-related injuries. Petition at 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 17, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On August 10, 2021, Respondent filed a proffer on award of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating Petitioner should be awarded $243,207.44. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $243,207.44, representing compensation for pain and suffering ($230,000.00) and past unreimbursable expenses ($13,207.44) in the form of a check payable to Petitioner, Ronny Echeverri.**

2. **A lump sum payment of $19,506.99, representing compensation for satisfaction of the State of California Medicaid lien, payable jointly to Petitioner and State of California-Health and Human Services Agency, and mailed to:**

    State of California-Health and Human Services Agency
    Department of Health Care Services/Third Party Liability and Recovery Division
    Class Action Unit, MS 4720
    P.O. Box 997425, Sacramento, CA 95899-7425

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RONNY ECHEVERRI, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18-1850V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## PROFFER ON AWARD OF COMPENSATION[1]

**I.    Procedural History**

On December 3, 2018, Ronny Echeverri ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. He alleges that, as a result of receiving the influenza vaccine on December 30, 2015, he suffered from Guillain-Barre Syndrome (GBS). *See* Petition. On January 16, 2020, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe. *See* ECF No. 26. On January 17, 2020, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury. *See* ECF No. 27.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

**II.     Items of Compensation**

    A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $230,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses of $13,207.44.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

    C.     Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of California Medicaid lien of $19,506.99, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of California may have against any individual as a result of any Medicaid payments the State of California has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about January 24, 2016, under Title XIX of the Social Security Act.  Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**III.    Form of the Award**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision

and the Court's judgment award the following: [2]

    A.  A lump sum payment of **$243,207.44** in the form of a check payable to petitioner; and

    B.  A lump sum payment of **$19,506.99**, representing compensation for satisfaction of the State of California Medicaid lien, in the form of a check payable jointly to petitioner and:

> State of California-Health and Human Services Agency
> Department of Health Care Services/Third Party Liability and Recovery Division
> Class Action Unit, MS 4720
> P.O. Box 997425, Sacramento, CA 95899-7425

Petitioner agrees to endorse the check to the State of California-Health and Human Services Agency for satisfaction of the Medicaid lien. Petitioner is a competent adult. Evidence of guardianship is not required in this case.

                                      Respectfully submitted,

                                      BRIAN M. BOYNTON
                                      Acting Assistant Attorney General

                                      C. SALVATORE D'ALESSIO
                                      Acting Director
                                      Torts Branch, Civil Division

                                      HEATHER L. PEARLMAN
                                      Deputy Director
                                      Torts Branch, Civil Division

                                      DARRYL R. WISHARD
                                      Assistant Director
                                      Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

                s/Christine Mary Becer
                CHRISTINE MARY BECER
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C. 20044-0146
                Tel:  (202) 616-3665
                Christine.m.becer@usdoj.gov

Date:  August 10, 2021